number 11-1702 Corporan be the Attorney General of the United States Mr. Fitoris. Take your time. No urgency. Wait, everybody. While we're waiting, you're reserving five minutes for rebuttal. Is that right, Ms. Fitoris? Yes, Your Honor. Whenever you're ready. Thank you. It's a little bit different than what we just had, right? It is. Just a tad. May it please the Court, Jessica Zegar Wallace Carlton Fields on behalf of Petitioner Raphael Corporan and his family. And I would like to reserve the five minutes. Did you take the case pro bono? I'm doing the argument pro bono. My husband did the case below. Okay. The question presented by this petition is whether Mr. Corporan's conspiracy conviction is a hybrid offense, and specifically whether it's a theft offense. Well, the question, how do we define theft? I mean, the real issue here comes down to whether a violation of 1028 or 1029 has a theft element in it that makes this, along with the fraud or deceit, a hybrid offense. How do we define theft? Exactly. If you look at the Court's decision in Nugent, the Court wrote an extremely comprehensive history of theft and looked at various definitions of it. But the definition they finally settled on to look at the false pretenses conviction in that case was caption and asportation. And so if you look at this offense, we have caption and asportation. So the elements of – So how do you define theft? It is what? A property that has been the subject of caption and asportation. So I think it's like taking and carrying away – Well, if you look at Nugent, the offense in that case actually doesn't require, doesn't have an absence of consent in it. Theft by deception, passing bad checks. The passing bad checks, there's no absence of consent if you look at the statute in question. In Nugent we said without consent, correct? We said it could be defined as without consent, but if you look at the offense that the Court actually was considering in that case, there is no without consent requirement. Well, I'm quoting what we said there, a taking of property or an exercise of control over property without consent. It could be defined as that. But then when you look – Well, not that it could. We did say that. It's not that we could have said that. Isn't that what this Court said in Nugent? When you look at what the – where they actually analyzed the statute in the case in Nugent, they didn't apply the without consent requirement. There's no consent in that statute, or absence of consent in that statute. They actually looked at whether there was capture and exportation. If you read the decision, they said it again and again. But even – I guess I can skip on – I think this offense actually demonstrates capture and exportation, but even if the Court were to adopt them – Just to digress for a second. It's so counterintuitive, this case. Yes. You're arguing that he, Mr. Corcoran, committed a type of aggravated felony that involves theft, and the government is arguing he did not commit an aggravated felony that involves theft. And I'm sitting there going, okay. But I think – A new one for me as well. Well, we're all in this together then. Which, if any, of the elements of 1028A7 – and that's the means of identity fraud – which, if any, of the elements of that particular crime involve theft? Okay. And the words are, knowingly transfers, possesses, or uses a means of identity of another person. Correct. Now, this Court has found that you can look at the criminal information or part of the record of conviction under the modified categorical approach. I'm not sure we get to the modified categorical approach. That's the problem. Okay. Well, it is divisible in terms – it talks about possession, transfer, or use. Okay. So let's just talk about – means of identification is, in this case, credit cards and driver's licenses. So we have knowing use, without lawful authority, of other people's credit cards and driver's licenses. Under the law of this circuit, it would have to be – The license is probably 1029, is it not? I'm sorry? Well, no. This is identity theft. Credit cards is 1029. 1028A7. Licenses would be 1028. Correct. License is 1028A7. So knowingly using, without authority, the means of identification, credit cards and driver's licenses of other real people in connection with another offense. So I think the exercise of property is the use of driver's licenses and credit cards of real people. And also the credit cards, in this case, were unauthorized. If you look at the criminal information, it shows that they were not only counterfeit, but they were also unauthorized, which means that they were created by a real financial institution. So this is real property, these credit cards. These are credit of a financial institution and credit cards of real people. And the fact that they were used shows that there was the taking of property. That they were used? Well, that they were used, we all agree, it was fraudulent. But what property was taken without consent here? The credit cards and the – But they didn't steal anyone's credit card. They made them up, did they not? There was the credit of the financial institution and then there was the driver's licenses of real people. So the identities of real people were taken. Yeah, but there was no theft here. There was nothing taken without – Well, more basically, how do we even get to Nugent? How does it even apply in this case? When Nugent was ordered removed under G, subsection G, while your client was removed under M, single I. So why do we even have to consider Nugent in this case? It's a different animal here. Nugent talked about hybrid offenses. If an offense – there's M, M is the universal – But why is this a hybrid offense? Your client was ordered under MI, not under G. And there's no hybrid. He was ordered – this is not a component of MI. This is the MI, this is the entire – To the extent that he was convicted of a theft offense, he would be under the subclass, which under Nugent was a subset of MI. So if it was both a theft offense and the universal classification of MI, then it would be – he would be required to show both that – the government would be required to show both if the $10,000 limit had been met as well as – Do any of those three federal crimes have lack of consent as an element of the offense? Not explicitly, but this court can confer – or can infer based on – the court in Ilchuk v. Attorney General inferred the absence of consent from the facts of the case. That case dealt with a taking of – required that the property – knowledge that the property taken was being transferred to someone who was entitled to it. This is the same thing here. There's knowledge that the property taken was being used by somebody who was not entitled to it. The credit cards and the driver's licenses were being used by somebody who – it wasn't in their name. So as in Ilchuk, this court could infer or would infer that this is a theft as well. But aren't you applying Nugent in reverse from the original Nugent case? This is a reversal applying. You're saying it applies in Nugent and it applies this in reverse. Is that correct? I really don't understand that argument. Because what I – the way I understand Nugent is – Well, isn't that what the – That's what the mother would say. That's what you're doing here. No, that's what your position is. It should apply in reverse. No. My position is that this is both a theft and a fraud. We have a theft and a fraud. There's the fraud and then there's the theft. But isn't the theft encompassed within the fraud? I'm sorry? Isn't the theft encompassed within the fraud? Isn't the G encompassed within the MI subsection? Theft offenses are a subset of offenses involving fraud or deceit. Actually, you could view that as a softball you just got thrown. I'm sorry. If theft is included in M. I believe theft is included in M. But either way, it would seem that if it's just M that you have to deal with, which is the fraud or deceit, you would still have a remand because the court needs to make – or some BIA – not BIA, but the immigration judge needs to make a finding, which he never reached, that this is greater than $10,000. The claim was that the $47,000 of restitution involved other things besides this particular plea. Is that correct? Correct. So you would still get a remand, but it would go back to the IJ because the argument that you've made is that BIA can't make that determination. Exactly. What is your position as to the argument that Kawashima, the Supreme Court, completely pulled the rug out of this entire theory that was floated originally for the first time in this circuit and in no other circuit concerning this requirement that you have to prove the lesser included in the greater and the greater included in the lesser, that the whole thing is a myth and it's no longer by implication. The Supreme Court has said it doesn't apply anymore. I don't see Kawashima as having any relationship to this argument. Kawashima deals with when it talks about the two different subsections of M of the M1 and M2. M1 and M2. And it basically says M1 is partially preempted because M2 talks about the tax code. It doesn't say anything about hybrid offenses. It doesn't consider that issue. And I don't think that Did it say that you prove whatever you have to prove, that particular section, and you don't have to prove any other section as well? The government, when they were quoting from that decision, actually started quoting from different parts of the decision selectively. And the part where they quoted saying, to the extent it's a fraud offense, had nothing to do with their statutory construction section. It was actually dealing with whether or not there was deceit in the statute, whether they had shown deceit as part of the statute. So I don't think that the statutory construction section that they were dealing with had any relationship to the hybrid offense analysis that this court made in Nguyen. Why don't we hear from Mr. Futuros. Thank you. We'll get you back on rebuttal. May it please the court, Thomas Futuros for the Attorney General. Can I just ask you just a question at the outset? Why did you withdraw your motion to dismiss for lack of jurisdiction, but still argue that we lack jurisdiction? The motion to dismiss for lack of jurisdiction was because the immigration judge entered the final order in Miami and was based on the idea that the immigrant would have, the alien would have to appeal that decision to the board. In Popal, this court said that that doesn't have to happen if the board has already addressed the claims that the alien wants to raise. And specifically, Mr. Corporan, in this case, engaged in a legal strategy to make sure that he remained here in the Third Circuit. He said, I want to use Popal. I have nothing else to give you. Enter your order of removal, and I'm going to go directly to the Third Circuit. Just to digress for a second, this all started in Florida, did it not? I mean, the crime, supposedly, that was committed. Is that correct? I believe so, yes. So, and then there was some use of an access card in Pennsylvania. How did it end up before the Third Circuit as opposed to the Eleventh Circuit initially? I think initially that because the crimes did take place here in Pennsylvania, he was detained in York at the detention center in York. And this case was all analyzed under the Third Circuit law, and that is why I believe that even though Venue possibly could lie in the Eleventh Circuit, that we would concede that Venue is here. But I think Popal controls, but then Popal also limits because they are raising now new claims based on new evidence. That's the $10,000 issue. But to begin, I think that Kawashima is quite important. In Kawashima, the Supreme Court said, anyone who commits an offense that involves fraud or deceit in which the loss of the victim or victims exceeds $10,000. But Kawashima doesn't deal with that. Kawashima deals with M1, M2, doesn't use the word hybrid, as the concurrence did in our case in Nugent and other subsequent cases have used. You know, it's sort of beat into us, don't go making decisions for the Supreme Court that they haven't made on their own. Well, I think it's interesting to look at the Kawashima case. We have this idea that anyone who commits this crime has committed an aggravated felony. And they said it broadly because they had to address it in two parts. Was it dicta, though? So broad, is it dicta, that is? Was it necessary for their decision for them to make that statement? It was specifically necessary. And we look at the phrase right before anyone who's convicted. It says, this clause is clear, MI is clear. So they are telling this court and all other courts that the clause is clear, that we're not going to get to canons of construction or ideas of logic. And then they come to the conclusion that anyone who is convicted of these offenses has committed an aggravated felony. And then they don't only say that in the first part, as Petitioner said. Not only in the part of whether the Kawashima's crimes fall under this broad ground. They said that they do because it's broad, and anyone who does these things is. They then repeat the idea that the clause is clear in the second part of their decision, where they are specifically addressing the canons of construction, the various legal arguments about how one sub-part of the Agfel definition could possibly limit or inform the MI ground. And they said all of these fail because they can't overcome the idea that this is clear. If we don't want to reach out and read the Supreme Court opinion as closely as you obviously have read it, we've read it. How can we accept your theft offense definition when we conclude in Nugent that Pennsylvania law of theft by deception, conviction, constitutes a theft offense, even though the statute obviously lacked a without consent element to it. So if we don't accept the Supreme Court's opinion as doing away with this dichotomy, the Supreme Court is saying if it says one thing, that's enough. You don't have to start looking for other offenses that are included or excluded from it. And just as a preliminary point, the reason I think that Kawashima is important is because it tells us to read Nugent narrowly. But is Kawashima really in conflict with Nugent? Kawashima is in direct conflict with the reverse Nugent idea because Nugent and Kawashima can be read together. And I do want to get to your question as well, Your Honor, that Nugent has a basic philosophical backbone or a logical backbone that the general controls the specific. The reverse doesn't make much sense. The specific does not necessarily limit the general. And if we look at Kawashima, Kawashima is saying that MI is general and anyone is removal. But there are certain canons of construction where the specific does limit the general. The point is the argument you're making sounds like an argument that one would make on a petition for cert. Well, the objections I'm making are specifically because I believe that Nugent should be read in a limited manner. And they do apply. It can still continue to apply in the cases where someone is charged with theft. But I think there's also a preliminary point here about the consent idea. Yeah, consent. This is what bothers me. It bothers me as well. And Nugent is a problematic case for everyone involved, I believe. And the Theft by Deception's model penal code doesn't contain a consent element. Nugent says that we're going to look for consent. You've got to take property without consent. Supreme Court says it in Duenas-Alvarez. You have to have a consent element. And yet then Nugent doesn't provide us any analysis about where this consent was. It goes to this idea of a check and doesn't explain how it finds out about the check because we're in the categorical analysis. The Theft by Deception statute doesn't talk about checks. Do you agree here that it should be a categorical analysis and we don't get into a modified categorical analysis? I do. I do. Importantly, Nugent will likely never come before this court again because the board in Garcia-Madruga recognizes this problem. And it says that Theft by Deception, it looks at fraud and Theft by Deception and looks at the Fourth Circuit and credit card fraud. The progeny of Nugent have come before us quite often. I mean, Bob, Familia, Manyaya, I could go on and on. It's not dying easily unless it goes in a bunk. But all of those were unsuccessful. I'm talking about a successful Nugent claim, as in the alien was charged under a theft offense and then there it says I should also be charged under fraud. That won't happen again because the board has said... You're correct. We haven't found any, quote, hybrid offense, close quote, other than in Nugent. And the board has said that Nugent was, you know, when you look at the board now in Garcia-Madruga, that we were wrong to charge him. The government should not have charged him as a thief because the consent element is not there. It made this determination in Garcia-Madruga and it looked to the Fourth Circuit in Solomon. So you're saying factually, pragmatically it has gone away because the government has realized, well, strangely, under Nugent, if we charge this guy with theft and fraud, he might get to stay in the country, but if we charge him with just fraud, he's getting shipped out. Yes. Okay. And I also think that the board is recognizing a basic definition of the difference between... Oh, I know they are doing that. They say this. The difference between fraud and theft is consent. If we say that it's only the taking of property, then that is all fraud. All right. Then to that point, then, I understand the government's position that you're not a fan of Nugent. I understand your arguments about Kawashima, perhaps the consider dicta in Kawashima vitiated Nugent, but assume that's not correct. Is this a Nugent case in light of what you just said about the consent element? No, it is not. It is strange that we are here today arguing, the government is arguing the criminal alien is not a thief and that he is arguing that he is a thief. A thief and a fraud. And a fraud, yes. And it does seem strange that if he becomes a thief, then all of a sudden he's not removable, and I think that that is the proper instincts in this case, that we don't have the consent element here. There can be a variety of criminal statutes. Now, Ms. Zeiger-Wallace said it's implicit. Would you address that? We look to the statute, and the government does not have to prove something at a lack of consent. We can look at all the underlying statutes. Conspiracy, first of all, we have the idea of conspiracy, but we don't have to take from anyone, much less without their consent. And then the actual underlying crimes could be done in classic fraud format. I'm presenting myself as someone who I am not. But in fraud, if the victim knew that this person was not who they said they were or did not have the credit that they had claimed to have, they would not have given them the property. That's what separates fraud from theft. Obviously, an informed consent, if we required informed consent, and all they have to show is that the person extending the credit was not informed of the proper facts, then all frauds would become theft. How do you distinguish Nugent? How would you distinguish Nugent? From this case, I think first and foremost is the reverse idea, that Nugent flows from the general to the specific. The universal imports down to the specific. Secondly, that it is not a theft. That without the consent element, you cannot have a theft. And more so, when you have a conspiracy, you do not have the taking of property from anyone without consent. So the conspiracy, in fact, undermines the fact that it is theft. Are we dealing with the conspiracy or the substantive claim that the conspiracy is theft? Your Honor, I think we necessarily must look to the underlying statutes in order to inform what that conspiracy was. The government, but interestingly, and going back to Kawashima, in other cases about MI, it is a general ground, and all the way back to this Court's cases about MI, it is a very broad ground and includes conspiracy to commit it. But the very conspiracy... But the idea has to be analyzed. Otherwise, the 29 classes would be a nullity. You could just charge any case as a conspiracy and they're removable. But Judge Hardiman, he is removable under two grounds. He's removable under U, the conspiracy ground, but he is also removable under MI itself. And you're right, you do have to look to the underlying ground to determine if he's substantively removable under MI. We don't technically have any precedent on whether he's just removable under U. Yes, Minaya and yes, Famiglia say that, but they're not precedential, whereas you have at least two circuits, including the Seventh Circuit, which are saying you really need to go look to the elements of the crime that is tried or attempted with regard to a conspiracy. I think that that, as a general understanding, is correct. But the point I'm trying to make about conspiracy and MI is, because MI is broad, the conspiracy to commit fraud, we're looking at the underlying ground, renders him removable under MI itself. But I could not be before you, the government could not say that he is removable under G, as offender of a theft offense, for merely conspiring to commit theft. The conspiracy to commit fraud is, in and of itself, substantively renders you removable under MI. But a conspiracy to commit theft would not render you removable under G. He would be under U, because you haven't taken any property without consent. Now, I recognize that there are a variety of criminal statutes, including the one in Ilchuk, where we talk about the implied consent that can have various theories and involve various facts. But in the basic terms that the Supreme Court has approved in Duenas-Alvarez, it's taking a property without consent. In the Ilchuk case, the individual didn't even know that they had the right to receive these phone calls, these ambulance calls. But they were intercepted before they could get them, and they were taken by the interloper, much akin to if you didn't know you had the property or the check was in the mail and someone grabbed it from the mail, you didn't even know it was there. If we agree with your position, should we remand the case for a finding on the dollar amount, or is the $47,299 order of restitution sufficient? The government's position is that the best course would be a remand to the agency, and the reason is because the agency has not made this finding. When you say the agency, you mean the I.J., right? The I.J. It is problematic that because of the way this has procedurally come through the system, that we do not have the proper forum, the immigration judge taking evidence and saying, yes, this meets $10,000, and then that's subject to board review. So the best outcome, I believe, would be to send it back to the agency. However, before this court right now – Not that the BIA made the improper – committed clear error by engaging in fact-finding. I don't believe the board decision to be read as making a finding of fact. It's an interlocutory appeal. The board is presented with a series of arguments specifically only about Nugent, and then it parrots the removal language, all right? And that's what – and I don't think it was making that finding of fact. But then most importantly, the board sends it back to the immigration judge for a new decision. So everything is – Mr. Corcoran is now back before the immigration judge, the very person to receive this evidence, and he chooses not to present it all. But how can we say that he failed to exhaust his administrative remedies when the I.J. on remand clearly lacked power to overrule a finding by the BIA? Your Honor, what they would be arguing is that the board has made this legal error. I'm going to keep quiet about it and not tell you. Well, he had no jurisdiction to speak to something which had been adjudicated by the BIA. Well, he was never given the opportunity to say the board made this legal finding, this factual finding which they're not permitted to do under this court, and I'm going to accept that legal error. And then you're going to go on an appeal to the board, and the board will say, yep, we found that fact improperly, and we're going to continue with that. These are a series of suppositions that I don't think are a proper reading of the board decision because I don't believe the board was finding that fact. But the one way to figure that, to find that out, would have been to present it to the immigration judge. The simple part of this case, and maybe the only thing that conceivably is simple about this case, is that if it's just fraud, you're asking for a remand to see if it was greater than $10,000 because the I.J. didn't make that finding. But your opponent is saying, look, this is a type of offense. It isn't just fraud. It's also theft. And if it is theft, you have to have imprisonment greater than one year, and there I win because he only got imprisonment for five months. And then it comes back to Nugent, and I realize we've been back and forth on how you distinguish Nugent, but the concern or the problem that I have is that if Nugent involved the depositing of a bad check, how is that really significantly different from the use of bad credit cards to purchase merchandise in Pittsburgh? I think we get back to the idea that I don't see much difference between the two. I think that when you're talking about fraud and you don't have to prove consent, you are not in the theft world, and I think that's what the board is saying, Garcia Madruga. And to the extent that Nugent is in conflict with that, that's not controlling here because we are charging him under the MI ground. And I think the proper reading of Nugent would be to be that if Nugent had been charged and met the MI ground, he would have been released. Factually, any difference would be immaterial. But statutorily, there's a big difference because Nugent involved the Pennsylvania statute, and here we're dealing with the federal statute. Yes. Well, yeah, but the petitioner says, say what you like. Nugent is this case because this is also a theft as well as a fraud, and therefore you have to prove both legs of the statute. At that point, you've completely conflated theft and fraud because there's never consent to be defrauded. But aren't we stuck with Nugent then? Nugent says, the facts there are not that much different from what you have here,  and both have to be met. Then the only response to that is that Nugent is limited to the fact of being charged under a theft offense. This person is charged under a fraud offense. Now you have Kawashima that says that it is broad and anyone is removable, so therefore Nugent can be read only moving in one direction, and that is what it says. It says Aristotle says, we go from the universal to the subclass. We cannot take the subclass and go to the universal. Aristotle just didn't have Southern on the constructions of statutes. Which we might not get to because it's clear. Thank you very much. Ms. Xavier-Wallace. Did you go by Xavier-Wallace or? Xavier-Wallace. Okay, good. I just wanted to make one more point, which is that it's the government's burden to prove removability here, and to the extent there was any question, which I think we could show theft without question under Ilchuk. How is this case the same as Nugent? Explain to us why this is a theft case when he was charged as a fraud, and why does that make this into a theft case? I don't think the government can get around the fact that there's a hybrid offense by selectively charging one and not charging the other. The way Nugent set it out was there's a universal classification of fraud crimes, and then there's a theft offense subclass of those crimes. To the extent he's in the subclass, there's no logical reason why you wouldn't have to show both. The whole reverse thing, I can't see the logical reason why you'd have to show only the $10,000 and not have to show the one year if he's in the hybrid subsection of offenses. That's the answer. I thank you for your time. Thank you. Thank you both. Thank you both for a very difficult case, for very well presented arguments. I take it, Ms. Gere-Wallace, you did this on short notice? As they say in South Philly, you've done good. Both of you. Take the matter under advisement and call our next case.